G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (818) 205-2730
tom@plglawfirm.com
Attorneys for Plaintiff,
TRAVIS KNOTTS

FILED

FEB 1 5 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

Case No.: **12-00742**

TRAVIS KNOTTS

    Plaintiff,

DIVERSIFIED COLLECTION
SERVICES, INC.; DOES 1 – 10,
inclusive.

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

**(Unlawful Debt Collection Practices)**

**Demand Does Not Exceed $10,000**

## COMPLAINT

## INTRODUCTION

1.    This is an action for actual and statutory damages brought by plaintiff

Travis Knotts an individual consumer, against defendant Diversified Collection

Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from

engaging in abusive, deceptive, and unfair practices.

## VENUE AND JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3.     Plaintiff, Travis Knotts is a consumer, a natural person allegedly obligated to pay any debt, residing in the state of West Virginia.

4.     Defendant, Diversified Collection Services, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County, at 333 North Canyons Parkway, Suite 100, Livermore, CA 94551. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5.     Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS

6.     Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7.     The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8.     Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff in May of 2011.

9.     Upon information and belief, Defendant lied to, or at the very least misled Plaintiff, through a false and misrepresentative statement, threatening, "We're gonna garnish your wages and we can sue (you)."

10.     Upon information and belief, to date, Defendant has not taken any final, definite action to garnish Plaintiff's wages, or to sue Plaintiff.

11.     Upon information and belief, Defendant does not have the legal standing to sue Plaintiff.

12.    Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt; by lying to Plaintiff.

13.    As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in his feeling stressed.

## COUNT I – FDCPA

14.    Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(b) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take

action that it did not intend to take.

16.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17.     As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Travis Knotts for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Declaratory judgment that Defendant's conduct violated the FDCPA.

(2) Actual Damages.

(3) Statutory damages pursuant to 15 U.S.C. §1692k.

(4) Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k.

(5) For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED:     February     13,          **PRICE LAW GROUP APC**

2012

By:

G. Thomas Martin, III
Attorney for Plaintiff

COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TRAVIS KNOTTS, demands trial by jury in this action.